[Civ. No. 3795. First Appellate District, Division One.—August 9, 1921.]

## A. V. BERONIO, Respondent, v. EVERETT-JOHNSON LUMBER COMPANY (a Corporation), Appellant.

[1] CONTRACTS—SALE OF LUMBER—AUTHORITY OF SOLICITING AGENT TO BIND PRINCIPAL.—A mere soliciting agent employed by a lumber company to obtain orders, which are subject to the approval of the company and for which when accepted he is to receive a commission, has no power to bind the company by a contract for the sale of lumber, and if his acts can be construed as an attempt to do so, they are without authority.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Brownstone & Goodman for Appellant.

Henry A. Jacobs and G. B. Blanckenburg for Respondent.

KERRIGAN, J.—Action for damages for failure on the part of defendant to deliver a carload of lumber. Plaintiff had judgment for $562.50 and defendant appeals. Appellant urges several grounds for reversal. It is first contended that the alleged order of sale was taken by a soliciting agent of defendant subject to confirmation which was never had, and that such agent had no express or implied authority to make the sale. It is also urged that the parties never reached an agreement with respect to the terms of sale. Objection is also made that whatever agreement was entered into was violative of the statute of frauds for the reason that it did not contain the essential terms and conditions of the alleged sale, nor was it signed or delivered or intended to bind defendant.

There is no conflict in the testimony concerning the transaction leading up to the alleged sale. The entire case in this respect rests upon the testimony of plaintiff and the agent of defendant company. It appears therefrom without contradiction that defendant was engaged in the

business of manufacturing and selling lumber, its principal place of business being at Portland, Oregon. One E. L. Fifield was employed by the company as a soliciting agent for the sale of its products. Fifield maintained an office in San Francisco. On or about April 10, 1919, plaintiff called upon him at his place of business concerning the purchase of certain lumber. Fifield informed plaintiff that he had a carload of the character of lumber desired, and they then proceeded to discuss the price and terms of sale. These they agreed upon. The alleged sale consisted of 25,000 feet of manufactured lumber at the price of $38.50 per thousand feet. This agreement between plaintiff and Fifield was entirely oral. They then discussed the terms of payment but the record is not clear that any definite arrangement was agreed upon between them upon this subject. Plaintiff testified that he was willing to pay in the usual way, eighty to ninety per cent after receipt of the bill of lading. Whatever these terms might be, they were acceptable to Fifield. Upon concluding these arrangements Fifield forwarded a memorandum of the agreement, signed by himself, to defendant. Both plaintiff and defendant testified that the order was sent to defendant for confirmation. Upon receiving the order defendant company refused to accept the same unless plaintiff would agree to honor a sight draft in payment of the lumber and so advised Fifield. Plaintiff would not agree to these terms and nothing was further done in the matter.

[1] We have examined the record carefully, but we fail to find any evidence which shows that Fifield had any authority to complete a sale for the account of defendant. On the contrary, it affirmatively appears without contradiction that he was a mere soliciting agent employed to obtain orders, which were subject to the approval of the company and for which when accepted he received a commission. This being so he had no power to bind defendant, and if his act could be construed as an attempt to do so, it was without authority.

The conclusion we have reached makes it unnecessary to discuss the various questions arising under the statute of frauds relating to the sufficiency of the memorandum made by Fifield.

The judgment is reversed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 6, 1921.

All the Justices concurred, except Shaw, J., who was absent.